IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY VAUGHAN,

    Petitioner,                    No. CIV S-04-2549 DFL DAD P

    vs.

TERESA SCHWARTZ,

    Respondent.                  <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2001 conviction in Sacramento County Superior Court for transportation of marijuana and possession of marijuana for sale, with one prior strike. Petitioner was sentenced to a prison term of six years. Before the court is respondent's motion to dismiss the petition as a mixed petition containing one unexhausted claim.

        Petitioner commenced this action by filing a federal habeas petition on December 1, 2004. On December 29, 2004, petitioner was directed to file an amended petition stating his grounds for relief on the form petition. In an amended petition filed January 28, 2005, petitioner alleges the following claims: (1) trial court's Fourteenth Amendment violation in improperly giving jury instructions CALJIC 2.62 and CALJIC 17.41.1; (2) ineffective assistance of trial

1

counsel in various ways, including failure to investigate petitioner's mental state; (3) ineffective assistance of appellate counsel; and (4) the three strikes law is unconstitutional and violated due process in that (a) trial counsel failed to develop and properly present petitioner's defense at trial and (b) the strike was improperly given on the basis of an incomplete record.

Respondent moves to dismiss on the ground that petitioner failed to exhaust state court remedies with respect to claim (4)(b). Respondent argues that the court should dismiss the mixed petition without prejudice and give petitioner an opportunity to delete the unexhausted claim. Respondent also argues that, if petitioner seeks a stay pending exhaustion of the unexhausted claim, the stay and abeyance procedure is not appropriate in this case because petitioner has not demonstrated good cause for his failure to previously exhaust claim (4)(b).

In opposition to respondent's motion, petitioner argues that such a motion is not an appropriate pleading to file in response to a petition for writ of habeas corpus. Petitioner contends that respondent must file an answer responding to each allegation contained in the petition and provide relevant portions of the state court record. After an extended discussion of the inappropriateness of a motion to dismiss, petitioner concludes as follows: "Therefore, Petitioner request that the court stay and abey the proceedings pursuant to <u>Rhines v. Weber</u>, 2005 DJ DAR 3696 (Decided March 30, 2005)." Attached to the opposition is a copy of a letter from petitioner's appellate counsel to the Sacramento County Superior Court concerning an exhibit missing from the record on appeal, specifically the packet of certified documents entered into evidence as People's Exhibit No. 9 to prove the prior conviction allegations in petitioner's case.

The court rejects petitioner's argument that an answer is the only proper response to a habeas petition. If a habeas petition is not dismissed by the court at screening, "the judge must order the respondent to file <u>an answer, motion, or other response</u> within a fixed time, or to take other action the judge may order." Rule 4, Fed. R. Governing § 2254 Cases (emphasis added). The Ninth Circuit has held that Rule 4 permits meritorious motions to dismiss on procedural grounds. See <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989). By order filed

2

1  March 4, 2005, the undersigned directed respondent to file a response to petitioner's amended
2  habeas petition and ordered that, "[i]f the response to petitioner's amended petition is a motion,
3  petitioner's opposition or statement of non-opposition to the motion shall be filed and served
4  within thirty days after service of the motion."  (Order filed Mar. 4, 2005, at 1-2.)  For these
5  reasons, petitioner's opposition to the form of respondent's response lacks merit.

6        Petitioner's opposition contains no assertion or evidence of exhaustion of state
7  court remedies on the claim that the trial court improperly found a strike on the basis of an
8  incomplete record.  The court finds that no such claim was fairly presented to the California
9  Supreme Court on direct appeal or in the state habeas petition filed June 10, 2004.  (See Resp't's
10 Lodged Doc. 3, Pet. for review filed in California Supreme Court case number S116030 &
11 Resp't's Lodged Doc. 5, Pet. for writ of habeas corpus filed in California Supreme Court case
12 number S125441.)  The undersigned finds that the claim in question is unexhausted.

13        Although petitioner cites Rhines v. Weber in support of his request for stay and
14 abeyance, petitioner has failed to demonstrate that he qualifies for a stay under the standards
15 announced in Rhines.  Although the Court affirmed the district court's discretion to stay a federal
16 habeas proceeding to allow the petitioner to present unexhausted claims to the state court, the
17 Court limited the procedure to cases where there is good cause for the petitioner's failure to
18 exhaust all claims in state court before filing a federal habeas petition.  Rhines v. Weber, ___
19 U.S. ___, 125 S. Ct. 1528, 1535 (2005).  Petitioner in this case has not shown good cause for his
20 failure to exhaust his claim of trial court reliance on an incomplete record to support a strike
21 finding.  Nor is good cause for the failure apparent on the record.  Petitioner's copy of a letter
22 from appellate counsel to the trial court about the missing exhibits is dated March 23, 2002, and
23 another letter from counsel to petitioner, dated May 9, 2002, shows that counsel advised
24 petitioner about the missing exhibit.[1]  Stay and abeyance is not appropriate in this case at this

25
26    [1] The second letter is attached to the amended petition.  The attachments to the petition lack page numbers.  The letter cited is the sixth from last page attached to the amended petition.

time because petitioner has not shown good cause for his failure to exhaust the claim concerning the allegedly incomplete record before he filed a federal habeas petition.

In addition, the district court cannot grant a stay if the unexhausted claims are plainly meritless. Rhines, 125 S. Ct. at 1535.  The fact that the packet of certified documents was introduced in evidence as People's Exhibit No. 9 does not suggest that there was an incomplete record before the trial judge, even if the exhibit came up missing later.  Moreover, although petitioner alleges in his amended petition that it is not true that he was convicted of robbery on May 9, 1979, the defense motion to strike the strike alleged in the information was grounded on the trial court's discretion to strike a 20-year-old conviction rather than on any contention that petitioner was not convicted of robbery in Salinas on May 9, 1979.  (Am. Pet., Attachs. at 8 & 19-20.)  In addition, petitioner's state habeas petition filed June 10, 2004, includes a statement of facts in which petitioner concedes that, in cross-examination, he "admitted suffering felony convictions for robbery in 1979 and possession of counterfeit money in 1998."  (Resp't's Lodged Doc. 5, Pet. for writ of habeas corpus filed in California Supreme Court, at p. 10.)  On this record, petitioner's claim concerning an incomplete record appears to be meritless.

In the absence of a showing of diligence and good cause for failure to exhaust the unexhausted claim prior to filing this action, and in light of the fact that the claim appears to be meritless, the undersigned will recommend that respondent's motion to dismiss be granted with leave to file a second amended petition that omits the unexhausted claim.  If these recommendations are adopted, petitioner will be granted an opportunity to file a formal motion for stay and abeyance in which he demonstrates diligence and good cause and shows that his unexhausted claim has merit.  See Rhines, 125 S. Ct. at 1534-35 (upholding the district court's discretion to stay a federal habeas proceeding); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.

1998) (recognizing the district court's authority to allow a petitioner to amend a mixed petition to delete unexhausted claims and hold the completely exhausted petition in abeyance).

Petitioner is advised that no motion for stay and abeyance should be filed until the district judge rules on these findings and recommendations and instructs petitioner on how and when to proceed.  If a stay is granted, reasonable time limits will be imposed on petitioner's return to state court to exhaust his unexhausted claim.  See Rhines, 125 S. Ct. at 1535.

In accordance with the above, IT IS HEREBY RECOMMENDED that respondent's May 4, 2005 motion to dismiss be granted with leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all other parties.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections should be titled "Reply to Objections" and  shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 16, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
vaug2549.mtd